UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,  Crim. No. 05-249 (PAM/JJG)

Plaintiff,

v.  **MEMORANDUM AND ORDER**

James T. Anderson, Michelle "Mikki"
Bedard-Anderson, and Neil Dolinsky,

Defendants.

---

This matter is before the Court on Defendants' Objections to the Report and Recommendation ("R&R") of Magistrate Judge Jeanne J. Graham dated April 6, 2006, and various pretrial motions.

**BACKGROUND**

Zomax, Inc. ("Zomax") was a publicly-traded Minnesota corporation that manufactures and sells magnetic recording and storage media such as compact discs and digital video discs. Defendant James T. Anderson ("Anderson") was Zomax's Chief Executive Officer and Chairman of the Board. Defendant Michelle Bedard-Anderson ("Bedard-Anderson") was Zomax's Senior Vice President for Sales. Anderson and Bedard-Anderson are married. Defendant Neil Dolinsky ("Dolinsky") is a friend of the Andersons.

In September 2000, Zomax announced in a press release that its sales and earnings per share for the third quarter would be lower than expected. Zomax's stock lost more than half its value immediately, and two-thirds of its value over two trading days. During the eight weeks before the announcement, the Andersons had sold 800,000 shares of Zomax stock for a total

of $14 million.  Dolinsky sold 11,000 shares of Zomax stock before the announcement, allegedly after Anderson tipped him to the pessimistic sales and earnings projections.

On August 2, 2005, Defendants were charged with numerous offenses related to their sales of Zomax stock.  Generally, the Indictment alleges that Defendants defrauded Zomax and its shareholders by trading stock based on their advanced knowledge of material, non-public inside information.  Count 1 of the Indictment charges all three Defendants with conspiracy to commit mail fraud, securities fraud, and money laundering.  Counts 2-7 charge Anderson and Bedard-Anderson with mail fraud.  Counts 8-23 charge Anderson and Bedard-Anderson with securities fraud by engaging in insider trading.  Count 24 charges Dolinsky with insider trading as a "tippee" and charges Anderson with insider trading as the "tipper."  Finally, Counts 25-30 charge Anderson and Bedard-Anderson with money laundering.

During the pretrial proceedings before the Magistrate Judge, Anderson moved to dismiss Count 1 for duplicity, to dismiss Counts 1-7 and 25-30 and the forfeiture allegations on constitutional grounds, and to bifurcate the proceedings.  Dolinsky moved to sever based on misjoinder of Defendants.  After a suppression hearing, the Magistrate Judge recommended denial of the motions except for the bifurcation issue.  Anderson had also moved to strike allegations and exclude evidence regarding Zomax's corporate policies, which the Magistrate Judge correctly recognized as a motion in limine for this Court.

**DISCUSSION**

**A.     The Report and Recommendation**

1.     Dolinsky's Motion to Sever

In evaluating Dolinsky's Motion to Sever, the Magistrate Judge found that joinder was proper under Federal Rule of Criminal Procedure 8 because the Indictment alleges a single conspiracy in which Dolinsky participated with the Andersons. The Magistrate Judge further found that permissive severance under Rule 14(a) was not appropriate because the charges are sufficiently interrelated, and even though Dolinsky is not named in all the substantive charges, a jury is presumed to follow instructions and evaluate evidence accordingly. The Magistrate Judge also concluded that a joint trial would promote efficiency and avoid the inequity of inconsistent verdicts.

Dolinsky objects to the R&R, arguing that he should be severed under Rule 8(b) because the Government included Count 24 only to bolster its case against the other two Defendants. He further contends that the Indictment actually alleges two conspiracies: one against Dolinsky and Anderson regarding a single tipper-tippee allegation, and the other against Anderson and Bedard-Anderson arising from numerous transactions allegedly based on their insider status.

The Court reviews the Magistrate Judge's determination on non-dispositive matters under a clearly erroneous standard. See 28 U.S.C. § 636(b)(1)(A); D. Minn. LR 72.2(a). Here, the recommendation to deny severance was not clearly erroneous. Joinder is proper under Rule 8(b) because Count 1 alleges a single conspiracy by all three Defendants to commit the offenses of securities fraud, mail fraud, and money laundering. One of the alleged substantive offenses underlying the conspiracy is securities fraud by insider trading by

3

Dolinsky and Anderson. Not every joined Defendant need have participated in every charged offense. See United States v. Jones, 880 F.2d 55, 62-63 (8th Cir. 1989). In addition, the alleged objective of the conspiracy was for Defendants to unjustifiably enrich themselves by avoiding financial losses in the stock market, which applies to Dolinsky as well as the Andersons. The Indictment contains sufficient allegations that Defendants "participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses" to warrant joinder. See Fed. R. Crim. P. 8(b).

Permissive severance under Rule 14 is not appropriate because there is no serious risk that a joint trial will compromise Dolinsky's rights or that the jury will be unable to compartmentalize the evidence and make a reliable decision. See United States v. Taylor, 253 F.3d 1115, 1116-17 (8th Cir. 2001) (quoting Zafiro v. United States, 506 U.S. 534, 538 (1993)). Indeed, the distinctiveness of a defendant's actions may aid the jury in compartmentalizing evidence. See United States v. Andrade, 788 F.2d 521, 530 (8th Cir. 1986). Finally, any risk of prejudice can be alleviated by appropriate jury instructions. See Zafiro, 506 U.S. at 540-41. The Court overrules Dolinsky's objection to the recommendation against severance.

2.    Anderson's Motion to Dismiss Count 1 of the Indictment

Anderson moves to dismiss Count 1 of the Indictment on the grounds of duplicity. Specifically, he argues that Count 1 charges two separate conspiracies: one against Dolinsky and Anderson, and the other against Anderson and Bedard-Anderson. The Magistrate Judge recommended denial of the Motion, finding that the Indictment charged a single conspiracy involving all three Defendants to sell Zomax stock on the basis of material, non-public information. All three Defendants object to this part of the R&R.

The Court conducts a de novo review of the Magistrate Judge's recommendations on dispositive matters. 28 U.S.C. § 636(b)(1)(B); D. Minn. LR 72.2(b). A defendant is entitled to a dismissal of a duplicitous count because such a charge may lead a jury to convict the defendant without unanimously agreeing on guilt as to one particular offense. See United States v. Street, 66 F.3d 969, 974 (8th Cir. 1995). However, Count 1 is not duplicitous. The Magistrate Judge correctly applied the factors in United States v. Radtke, 415 F.3d 826 (8th Cir. 2005), to find a single, alleged conspiracy. The nature, time frame, and location of Defendants' activities and related events, see id. at 838-39, all support the existence of a single conspiracy to sell Zomax stock on the basis of material, non-public information. Second, it is well settled that whether the proof establishes a single conspiracy or multiple conspiracies is a question of fact for the jury to determine. See United Stated v. Morales, 113 F.3d 116, 118 (8th Cir. 1997). Finally, any harm related to a duplicitous count "may be cured by a limiting instruction requiring the jury to unanimously find the defendant guilty of at least one distinct act." United States v. Karam, 37 F.3d 1280, 1286 (8th Cir. 1994). Defendants'

objections to this recommendation are overruled.

    3.    <u>Anderson's Motion to Dismiss Counts 1-7, 25-30, and the Forfeiture Allegations</u>

Anderson moves to dismiss Counts 1-7, 25-30, and the Forfeiture Allegations on the ground that they rely on an unconstitutionally vague statute, 18 U.S.C. § 1346. This statute, which is part of the mail fraud chapter, defines the phrase "scheme or artifice to defraud" as "a scheme or artifice to deprive another of the intangible right of honest services." 18 U.S.C. § 1346. The Magistrate Judge found that § 1346 is not unconstitutionally vague.

Anderson first objects to the Magistrate Judge's reliance on cases construing the "money or property" element of the mail fraud statute and cases involving public corruption. This objection is overruled. The R&R is replete with case law concerning private sector fraud. <u>E.g.</u>, <u>United States v. Rybicki</u>, 354 F.3d 124 (2d Cir. 2002) (en banc), <u>cert. denied</u>, 543 U.S. 809 (2004).

Anderson also objects to the Magistrate Judge's treatment of <u>United States v. Lamoreaux</u>, 422 F.3d 750 (8th Cir. 2005), in which the Eighth Circuit stated in a footnote: "Indeed, some have argued that disagreement among the circuits over critical issues such as whether actual harm must be proved demonstrates that 18 U.S.C. § 1346 is so vague as to be facially unconstitutional." <u>Id.</u> at 754 n.3 (citing <u>Rybicki</u>, 354 F.3d at 162-63 (Jacobs, J., dissenting)). However, <u>Lamoreaux</u> is not instructive here. The defendant in <u>Lamoreaux</u> did not challenge § 1346 as void-for-vagueness, and furthermore, the footnote is mere <u>dicta</u>.

The Court finds <u>United States v. Easton</u>, 54 Fed. Appx. 242 (8th Cir. 2002), more

instructive. In Easton, the Eighth Circuit explicitly rejected a void-for-vagueness challenge to § 1346 in a private sector fraud context. Id. at 244 (citing United States v. Rybicki, 287 F.3d 257, 264 (2d Cir. 2002), aff'd on reh'g en banc, 354 F.3d 124). In that case, an employee created a false vendor to deceive his employer, profited from the entity doing business with the employer, and used the mail to carry out the scheme. Id. The Eighth Circuit upheld the conviction on the basis that the defendant deprived his employer of honest services. Id.

Similarly here, the Indictment alleges that Anderson was entrusted with confidential information in his positions as a corporate officer and director; that he misused the information so that he, Bedard-Anderson, and Dolinsky could avoid personal financial losses when Zomax's stock price fell; and that he used the mails in doing so. When Anderson allegedly acted in his own best interests, contrary to the interests of Zomax, he deprived Zomax of his honest services. This behavior is analogous to that of the Easton defendant, and Lamoreaux does not apply to render § 1346 unconstitutionally vague as applied to Anderson's case.

Anderson next objects to the Magistrate Judge's reliance on United States v. Rybicki, 354 F.3d 124, which held:

> [T]he term "scheme or artifice to deprive another of the intangible right to honest services" in section 1346, when applied to private actors, means a scheme or artifice to use the mails or wires to enable an officer or employee of a private entity . . . purporting to act for and in the interests of his or her employer (or of the other person to whom the duty of loyalty is owed) secretly to act in his or her or the defendant's own interests instead, accompanied by a material misrepresentation made or omission of information disclosed to the employer or other person.

354 F.3d at 141-42. The Court finds the Rybicki decision extremely persuasive and adopts the comprehensive reasoning set forth therein. In addition, Rybicki is in alignment with other circuit courts of appeals that have squarely addressed the vagueness issue. See, e.g., United States v. Hausmann, 345 F.3d 952, 958 (7th Cir. 2003), cert. denied, 541 U.S. 1042 (2004); United States v. Welch, 327 F.3d 1081, 1109 & n.29 (10th Cir. 2003); United States v. Frost, 125 F.3d 346, 352, 370-71 (6th Cir. 1997); United States v. Gray, 96 F.3d 769, 776-77 (5th Cir. 1996); United States v. Waymer, 55 F.3d 564, 568 (11th Cir. 1995). This objection is overruled.

Finally, Anderson objects to the Magistrate Judge's conclusion that § 1346 restored a line of cases decided before McNally v. United States, 483 U.S. 350 (1987). In McNally, the Supreme Court held that the phrase "any scheme or artifice to defraud" in the mail fraud statute was insufficiently clear to protect an intangible right to honest services. Id. at 358-60. In quick response, Congress enacted § 1346. Cases decided after the enactment of § 1346 have held that the precedential value of the pre-McNally cases is restored. First, even if the Court were to sustain this objection, it would not affect the ruling on the R&R as there is ample, post-McNally authority on which to deny the Motion. Second, courts are routinely stating that § 1346 restored pre-McNally precedent. E.g., United States v. Blumeyer, 114 F.3d 758, 765 (8th Cir. 1997); United States v. Williams, 441 F.3d 716, 722 (9th Cir. 2006); Frost, 125 F.3d at 364.

In conclusion, § 1346 provided Anderson with a reasonable opportunity to know that engaging in stock trading on the basis of material, non-public information would deprive

Zomax and its shareholders of his honest services given his positions as a corporate officer and director. The Court therefore rejects Anderson's void-for-vagueness argument, adopting the Magistrate Judge's thorough and well-reasoned analysis.

    4.    <u>Anderson's Motion to Bifurcate, Dolinsky's Motion to Suppress Statements, and Dolinsky's Motion to Suppress Physical Evidence</u>

Defendants did not object to the recommended disposition of Anderson's Motion to Bifurcate, Dolinsky's Motion to Suppress Statements, or Dolinsky's Motion to Suppress Physical Evidence. Accordingly, the Court denies the motions to suppress as moot and grants the motion to bifurcate the guilt and forfeiture phases of the trial.

**B.  Anderson's Motion to Strike Allegations and Exclude Evidence Regarding Zomax Corporate Policies**

Anderson moves to strike allegations in the Indictment referring to Zomax's corporate policies and to exclude evidence regarding these policies from trial. He contends that the Government is attempting to prove its case by showing that Defendants' trading activities violated Zomax's internal corporate policies.

Evidence that a defendant violated corporate policies is probative of guilt, see <u>United States v. Jorgensen</u>, 144 F.3d 550, 562 (8th Cir. 1998), which Anderson concedes in his Motion. In addition, an appropriate limiting instruction will prevent the jury from considering the policies for an improper purpose. See <u>id.</u> Accordingly, the Motion is denied.

**C.  The Government's Motion for Leave to Amend the Indictment**

The Government seeks leave to (1) dismiss Count 26 of the Indictment; (2) re-number

the remaining counts; and (3) amend paragraph 10(a) of the Indictment to refer to the year 2000 rather than 2005 as the year in which an email exchange between Dolinsky and Anderson occurred. Defendants do not oppose the first two aspects of the Motion. The Court therefore dismisses Count 26 and permits the Government to re-number the remaining counts.

The Government characterizes the reference to 2005 as an obvious typographical error. According to the Government, the discovery materials are clear that Anderson and Dolinsky exchanged emails in June of 2000. Anderson does not dispute this representation. He opposes the Motion because the error raises the question of whether evidence of the email was even presented to the grand jury. Defendant concedes that if the grand jury received evidence of the June 2000 email, the typographical amendment would not implicate his constitutional rights.

> [A]s a general rule a variance between the date in the indictment and the proof is not fatal if the proof shows that the acts charged were committed on a date within the statute of limitations and prior to the return date of the indictment, as long as the date was not a material element of the crime charged.

United States v. Joyner, 539 F.2d 1162, 1164 (8th Cir. 1976) (citations omitted). In this case, there is no dispute that the Government's proof includes an email from June 2000. However, as Anderson argues, the discrepancy in dates raises a question about whether the Government presented the email to the grand jury, which implicates his Fifth Amendment right to indictment by a grand jury. The Court reserves ruling on this issue, subject to an offer of proof by the Government that the June 2000 email was presented to the grand jury.

### D.     Anderson's Motion to Strike Portion of Zomax Record

Anderson moves to strike a portion of a Zomax record under Federal Rules of Evidence

803(6) and 805.  The document at issue is a monthly sales report for August of 2000. Anderson moves to strike part of the document reading "From Mikki (estimate after discussions with sales and GMs)."  According to Anderson, the notation is hearsay within hearsay, which is barred by Federal Rule of Evidence 805.  He contends there is no evidence supporting the accuracy of the notation, indicating that such an attribution was part of Zomax's regular business activities, or otherwise identifying Bedard-Anderson as the source of the projections.

The Government did not respond to the Motion.  The Court grants the Motion on the ground that the notation is hearsay barred by Rule 805.  The attribution to "Mikki" is based on a hearsay statement made by a Zomaz employee not identified in the document.  The notation was not made in the course of Zomax's regular business activities because there are no similar notations on any other documents.  Thus, the hearsay exception provided in Rule 803(6) does not apply.

**CONCLUSION**

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Dolinsky's Motion to Suppress Statements (Docket No. 28) is **DENIED as moot**;

2. Dolinsky's Motion to Suppress Physical Evidence (Docket No. 29) is **DENIED as moot**;

3. Dolinsky's Motion to Sever (Docket No. 32) is **DENIED**;

4. Anderson's Motion to Dismiss Count 1 for Duplicity (Docket No. 57) is **DENIED**;

5. Anderson's Motion to Dismiss Counts 1 through 7, 25 through 30, and Forfeiture Allegations for Unconstitutionality (Docket No. 59) is **DENIED**;

6. Anderson's Motion to Strike Allegations and Exclude Evidence Regarding Zomax Corporate Policies (Docket No. 61) is **DENIED**;

7. Anderson's Motion to Bifurcate (Docket No. 63) is **GRANTED**;

8. The R&R (Docket No. 83) is **ADOPTED**;

9. Anderson's Objections to the R&R (Docket No. 87) are **OVERRULED**;

10. Dolinsky's Objections to the R&R (Docket No. 89) are **OVERRULED**;

11. Bedard-Anderson's Objections to the R&R (Docket No. 90) are **OVERRULED**;

12. The Government's Motion to Amend the Indictment (Docket No. 97) is **GRANTED in part**, and the Court **RESERVES RULING in part**; and

13. Anderson's Motion to Strike Portion of Zomax Record (Docket No. 105) is **GRANTED**.

Dated: May 11, 2006

                                                s/ Paul A. Magnuson
                                                Paul A. Magnuson
                                                United States District Court Judge