UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,　　　　　　　　　　　　　　　Crim. No. 05-249 (PAM/JJG)

　　　　　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　**MEMORANDUM AND ORDER**

James T. Anderson and
Michelle "Mikki" Bedard-Anderson,

　　　　　　　　　Defendants.

---

This matter is before the Court on Defendants' Motions for Judgment of Acquittal and Motions to Dismiss for Lack of Venue.

**A.**　　**Defendant Michelle Bedard-Anderson's Motion for Judgment of Acquittal**

Defendant Bedard-Anderson is charged with conspiracy, mail fraud, securities fraud, and money laundering. She moves for a judgment of acquittal on all counts.

Federal Rule of Criminal Procedure 29(a) provides:

> After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. The court may on its own consider whether the evidence is insufficient to sustain a conviction. . . .

Fed. R. Crim. P. 29(a).

In this trial, the evidence relating to Defendant Bedard-Anderson is that she sent two corporate executives to various locations in September 2000 to garner information about Zomax's third financial quarter. This occurred after all sales decisions were made by others. This is not conspiracy, aiding and abetting, or direct evidence of any kind of fraudulent conduct.

Taking all of the evidence in the best light to the Government, no jury could find Defendant Bedard-Anderson guilty beyond a reasonable doubt as to any Count of the Indictment. Defendant Bedard-Anderson is therefore acquitted of all Counts charged in the Indictment.

**B.      Defendant James Anderson's Motion for Judgment of Acquittal**

      1.      <u>Conspiracy</u>

Count 1 of the Indictment charges Defendant Anderson with conspiracy to commit mail fraud, securities fraud, and money laundering. Because Defendant Anderson's alleged co-conspirator has been acquitted of all Counts of the Indictment, and because Defendant cannot conspire with himself, Defendant Anderson is acquitted of Count 1. <u>See</u> <u>United States v. Peterson</u>, 488 F.2d 645 (5th Cir. 1974). Moreover, there is simply no evidence that Defendant Anderson had an agreement or came to an understanding with anyone to commit mail fraud, securities fraud, or money laundering.

      2.      <u>Mail Fraud – Counts 2 through 5</u>

Counts 2 through 5 charge Defendant Anderson with mail fraud. "The mail fraud statute prohibits the use of the mails in furtherance of a fraudulent scheme, and the wire fraud statute prohibits the use of communications media, such as the radio, television, telephones and telegraph lines, in interstate or foreign commerce in furtherance of such a scheme." <u>United States v. Donahue</u>, 539 F.2d 1131, 1135 (8th Cir. 1976); <u>see</u> 18 U.S.C. § 1341. If a defendant uses e-mail in a scheme to defraud, that constitutes wire fraud. <u>See</u> <u>United States v. Frank</u>, 354 F.3d 910, 918 (8th Cir. 2004); 18 U.S.C. § 1343. The testimony in this case is unequivocal that the trade confirmations in Counts 2 through 5 were made by e-mail, not by mail.

Therefore, Counts 2, 3, 4, and 5 result in a judgment of acquittal for Defendant Anderson. The mail fraud charged in Counts 6 and 7 will be addressed below.

      3.      <u>Securities Fraud</u>

Counts 8 through 23 charge Defendant Anderson with securities fraud based on insider trading. To prove securities fraud, the Government must establish: (1) in connection with the sale of Zomax securities, Defendant Anderson acquired material, non-public information concerning Zomax as the result of a relationship of trust and confidence between him and Zomax; (2) Defendant Anderson's position of trust and confidence with Zomax prohibited him from disclosing the material, non-public information; (3) Defendant Anderson thereafter sold the Zomax securities alleged in the Indictment on the basis of the material, non-public information or aided and abetted someone who did; (4) Defendant Anderson acted willfully, knowingly, and with intent to defraud; and (5) Defendant Anderson knowingly used, or caused to be used, any means or instruments of transportation or communication in interstate commerce or the use of the mails in furtherance of the fraudulent conduct. <u>See</u> 3 Leonard B. Sand, et al., <u>Modern Federal Jury Instructions</u>, §§ 57-21, 57-24 (2005); <u>Dirks v. SEC</u>, 463 U.S. 646, 654 (1983); <u>Chiarella v. United States</u>, 445 U.S. 222, 229-31 (1980).

The Court first will address Counts 14 through 23, which relate to Zomax stock sold by the trustee of the Charitable Remainder Annuity Trust ("CRAT") during September 2000. The unrebutted and unequivocal testimony is that the CRAT was established as a part of Defendant Anderson's overall estate plan. While the concept of the CRAT was established early in 2000, Defendant Anderson's estate planning lawyers did not complete drafting the plan

3

documents until August 2000. Moreover, the stock could not be transferred to the CRAT until Defendant Anderson had held the stock for a requisite period of time. The CRAT was timely executed, and the stock was timely transferred to the trust. Once the stock was in the trust, the trustee had sole discretion over what the corpus of the trust should be. The unequivocal testimony in this case is that the trustee, in his capacity as a fiduciary, independently determined that Zomax stock was not an appropriate asset to be held in the corpus of the trust. The evidence is further unequivocal that the trustee independently sold the stock. Further, the trustee independently arranged the sale of the stock over time. Therefore, the trustee acted with complete independence, and securities fraud based on insider trading is not applicable to Defendant Anderson as charged in Counts 14 through 23. Defendant Anderson is acquitted of these Counts.

The Court is aware that the timing of events related to the CRAT and the sales of stock by the trustee could raise suspicions. However, once unrebutted and uncontroverted evidence established that the trustee acted completely independently in his fiduciary capacity, this is the end of this inquiry, and the sale of the stock is not subject to insider trading.

As to Counts 8 through 13 of the Indictment, the Rule 29 motion is denied. However, the uncontroverted evidence presented during the Government's case shows that the August 3, 2000, Report noted in paragraph 1.o of the Indictment could not have reached James Anderson in the time alleged by the Indictment. Therefore, due process requires that this paragraph of the Indictment be stricken. Nevertheless, paragraph 1.m of the Indictment remains, and Counts 8 through 13 will go forward.

      4.      <u>Mail Fraud – Counts 6 and 7</u>

Because Defendant has been acquitted of Counts 14 through 23 for securities fraud, it follows that he is also acquitted on Counts 6 and 7 for mail fraud. These allegedly fraudulent mailings were made by the independent CRAT trustee, not Defendant Anderson, and there is no evidence connecting Defendant to these acts.

**C.**    **Defendant Anderson's Motion to Dismiss for Lack of Venue**

Counts 25 through 29 charge Defendant Anderson with money laundering. Defendant Anderson moves pursuant to Federal Rule of Criminal Procedure 18 for dismissal of these Counts, as well as the remaining securities fraud charges, based on venue. The Motion is denied.

The Government must prosecute a defendant in the district where he committed the alleged offense. Fed. R. Crim. P. 18. Defendant Anderson relies on <u>United States v. Cabrales</u>, 524 U.S. 1 (1998), for his assertion that venue is not proper in the District of Minnesota. However, <u>Cabrales</u> is not applicable to the facts of this case. In <u>Cabrales</u>, venue was not proper in a forum because the defendant was not associated with any underlying activity in that forum. <u>Cabrales</u>, 524 U.S. at 7-9. Here, on the other hand, Defendant Anderson is charged with securities fraud, on which the money laundering counts are based, and there is evidence that some of the alleged fraud was initiated or conducted in Minnesota. Zomax is a Minnesota company and a Minnesota issuer of securities. Some of the insider information on which Defendant Anderson allegedly traded was generated in the Minnesota office. It is Defendant's status as a corporate officer of this Minnesota corporation that founds the basis for the insider

trading allegations. Accordingly, venue is proper in this District for the money laundering and securities fraud charges. See United States v. Nichols, 416 F.3d 811, 824 (8th Cir. 2005).

**D.     Conclusion**

In accordance with the above rulings, Defendant Michelle Bedard-Anderson is acquitted of all charges in the Indictment. Defendant James Anderson is acquitted of the charges in Counts 1, 2, 3, 4, 5, 6, 7, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, and 24. The case against Defendant James Anderson will go forward on Counts 8, 9, 10, 11, 12, 13, 25, 26, 27, 28, and 29. Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Michelle Bedard-Anderson's Motion for Judgment of Acquittal is **GRANTED**;

2. Defendant James Anderson's Motion for Judgment of Acquittal is **GRANTED** on Counts 1, 2, 3, 4, 5, 6, 7, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, and 24, and **DENIED** on Counts 8, 9, 10, 11, 12, 13, 25, 26, 27, 28, and 29;

3. Defendant James Anderson's Motion to Dismiss for Lack of Venue (Docket No. 146) is **DENIED**; and

4. Paragraph 1.o of the Indictment is **STRICKEN**.

Dated: June 5, 2006

s/ Paul A. Magnuson  
Paul A. Magnuson  
United States District Court Judge