UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                   Crim. No. 05-249(01) (PAM/JJG)

                       Plaintiff,

v.                                                          **MEMORANDUM AND ORDER**

James T. Anderson,

                       Defendant.

---

This matter is before the Court on Defendant James T. Anderson's Motion for a New Trial and Motion for a Judgment of Acquittal. For the reasons that follow, the Motions are denied.

**BACKGROUND**

Anderson was Chief Executive Officer of Zomax, Inc., a publicly-traded Minnesota corporation that manufactures and sells magnetic recording and storage media. In September 2000, Zomax announced in a press release that its sales and earnings per share for the third quarter would be lower than expected. Zomax's stock lost more than half its value immediately, and two-thirds of its value over two trading days. During the eight weeks before the announcement, however, Anderson had sold or transferred all of his Zomax stock, leaving him personally untouched by the stock's decline.

On August 2, 2005, Anderson was charged with numerous offenses related to the sales of his Zomax stock. The Indictment originally charged Anderson with twenty-eight offenses consisting of conspiracy, mail fraud, securities fraud, and engaging in illegal financial

transactions. Two other co-defendants, Michelle "Mikki" Bedard-Anderson and Neil Dolinsky, were also charged. The Government voluntarily dismissed the charges against Dolinsky during the trial. Following the close of the Government's case and pursuant to motions for acquittal, the Court granted Bedard-Anderson's motion and acquitted her of all charges, and granted in part Anderson's motion and acquitted him of seventeen counts. On June 7, 2006, a jury convicted Anderson of all remaining counts: six counts of securities fraud and five counts of engaging in illegal monetary transactions. Anderson now moves for a new trial and for a judgment of acquittal.

**DISCUSSION**

**A.     Motion for Judgment of Acquittal**

A court should not lightly overturn a jury verdict. United States v. Burks, 934 F.2d 148, 151 (8th Cir. 1991) (citation omitted). "A verdict must be upheld if any interpretation of the evidence would allow a reasonable-minded jury to conclude guilt beyond a reasonable doubt." United States v. Hood, 51 F.3d 128, 129 (8th Cir. 1995) (citing United States v. Parker, 32 F.3d 395, 399 (8th Cir. 1994)). The Court must view the evidence in the light most favorable to the government, and all reasonable inferences drawn from the evidence must be given to the government. United States v. French, 88 F.3d 686, 687-88 (8th Cir. 1996) (citing United States v. Freitag, 768 F.2d 240, 242 (8th Cir. 1985)).

1.   <u>Sufficiency of the Evidence</u>

Anderson directs the Court to <u>United States v. Davis</u>, in which the Eighth Circuit Court of Appeals stated, "where the government's evidence is equally strong to infer innocence as to infer guilt, the verdict must be one of not guilty and the court has a duty to direct an acquittal."  103 F.3d 660, 667 (8th Cir. 1996) (quoting <u>United States v. Kelton</u>, 446 F.2d 669, 671 (8th Cir. 1971)).  On the other hand, the Government contends that when the evidence may equally support either guilt or innocence, a court should not disturb the jury's verdict.  <u>United States v. Baker</u>, 98 F.3d 330, 338 (8th Cir. 1996) ("If the evidence rationally supports two conflicting hypotheses, the reviewing court will not disturb the conviction.") (quoting <u>Burks</u>, 934 F.2d at 151).  The Eighth Circuit has recognized the conflict between <u>Davis</u> and <u>Baker</u>, and has explicitly chosen to follow <u>Baker</u>.  <u>United States v. Butler</u>, 238 F.3d 1001, 1004 (8th Cir. 2001) ("Although we are not free to overrule <u>Davis</u>, we are free to follow <u>Baker</u>, which is the standard this court has overwhelmingly favored."); <u>Ortega v. United States</u>, 270 F.3d 540, 544-45 (8th Cir. 2001); <u>United States v. Turner</u>, 157 F.3d 552, 556 & n.5 (8th Cir. 1998).  This Court will follow <u>Baker</u>.[1]

Anderson contends that the Government failed to prove the charges of securities fraud beyond a reasonable doubt because (1) the information known to Anderson was public information; (2) any non-public information known to Anderson was not material; and

---

[1] Anderson concedes that the evidence at trial was equally balanced.  (Def. Mem. Supp. Mot. J. Acquittal at 2.)  Thus, he has implicitly acknowledged that under <u>Baker</u>, the jury's verdict must stand.

(3) Anderson did not trade stock "on the basis of" material, non-public information. The Court has twice heard and rejected these arguments, and Anderson has not presented any new grounds to warrant revisiting the previous rulings. There is ample evidence to support a jury finding that Anderson traded on the basis of non-public, material information.

The material and non-public information consisted of an internal report dated July 17, 2000; an internal preliminary sales report dated August 3, 2000; the loss of the Microsoft Technet annual refresh; and the softness of the European market for Zomax's business. None of this information was public. The jury was free to reject Anderson's position that the reports were unreliable and therefore not material. Other evidence showed that the reports were useful in business, that Zomax spent much time and expense in creating the reports, and that the reports were sent to Zomax's four most senior executives immediately after they were compiled. There was sufficient evidence that the information was of such importance that it could have reasonably been expected to cause Anderson to sell his stock.

Turning to whether Anderson traded "on the basis of" the material, non-public information, the Court is aware that a defendant's state of mind can be difficult to prove. However, Anderson's possession of the information combined with the timing and magnitude of the trades, the sizable financial benefit to Anderson, and the fact that Anderson decided when and what information to release to investors, including the September 2000 press release, is sufficient to support the jury's determination that he actually used the information in selling his stock. See United States v. Smith, 155 F.3d 1051, 1068-69 (9th Cir. 1998) ("It is certainly not necessary that the government present a smoking gun in every insider trading

prosecution. . . . Any number of types of circumstantial evidence might be relevant to the causation issue.").

Because the evidence adequately supports the jury's finding of guilt, the Court will not disturb the jury's verdict.

    2.    <u>The Source of Money for the Illegal Monetary Transactions</u>

Anderson seeks acquittal on the illegal monetary transactions counts, arguing that the Government failed to prove that the funds utilized in the actual transactions were derived from securities fraud. Anderson acknowledges, however, that his position contravenes clear Eighth Circuit precedent. <u>See</u> <u>United States v. Pennington</u>, 168 F.3d 1060, 1066 (8th Cir. 1999) ("The government need not trace funds to prove a violation of § 1957.") (citation omitted). Accordingly, he is not entitled to acquittal on this basis.

    3.    <u>Venue</u>

Anderson submits that the illegal monetary transactions counts are not properly venued in Minnesota because Anderson was in Florida when he wrote the checks at issue, the recipients of the checks were not located in Minnesota, and the checks cleared through banks in states other than Minnesota. The Court has already denied a motion for dismissal based on venue, and Anderson offers no new grounds for acquittal on this basis. Anderson was convicted of securities fraud. Sufficient evidence exists to support the jury's findings that the fraud was initiated or conducted in Minnesota and that the funds used in the illegal monetary transactions were derived from the fraud. Accordingly, venue is proper in this District for the charges of

engaging in illegal monetary transactions.  See United States v. Nichols, 416 F.3d 811, 824 (8th Cir. 2005).

**B.     Motion for New Trial**

Anderson asks for a new trial pursuant to Federal Rule of Criminal Procedure 33, which permits a court to grant a new trial "if the interest of justice so requires."  Anderson first argues that impermissible prejudice occurred during the trial because the Government presented evidence that he violated Zomax's internal corporate policies against insider trading. Anderson sought to exclude evidence of the corporate policies in limine, but the Court found the evidence relevant to Anderson's intent to defraud.  See United States v. Parker, 364 F.3d 934, 941 (8th Cir. 2004) (evidence that the defendant violated government regulations was admissible to show intent to defraud); see also United States v. Jorgensen, 144 F.3d 550, 562 (8th Cir. 1998) (same).  In addition, the jury was instructed twice – once during the trial when the evidence was presented and once before the case was submitted to the jury – that a violation of an internal company policy is not a crime.  The admission of this evidence does not necessitate a new trial because the evidence was admitted for a proper purpose and the jury was given appropriate cautionary instructions.

Anderson also faults the Government for mentioning in its opening statement that Anderson tipped Dolinsky to inside information.  Anderson's travel and phone records, which he produced to the Government, showed that he could not have tipped Dolinsky on the date alleged by the Government.  After defense counsel referred to this exculpatory evidence in his

opening statement, the Government commenced a brief investigation and consequently dismissed all charges against Dolinsky.

In response to Anderson's request for a new trial, the Government explains that it received the exculpatory evidence only a week before trial, and the travel records were buried in a CD-ROM with over 9,500 other pages of information. Acknowledging that Anderson had no affirmative obligation to identify the documents before trial, the Government nonetheless denounces Anderson for failing to include the records in his exhibit list or otherwise bring the information to the Government's attention before trial.

The Court finds that the reference to Anderson's alleged tip to Dolinsky did not impermissibly prejudice the jury. The Government merely recited in its opening statement what it expected the evidence to show. Any possible prejudice was mitigated by Anderson's response in his opening statement, the dismissal of Dolinsky as a defendant, the dismissal of the tipping count against Anderson, and the cautionary instructions to the jury not to consider evidence related to Dolinsky or the tipping count when deciding Anderson's guilt on the remaining charges of securities fraud and illegal monetary transactions. Moreover, the e-mail exchange between Dolinsky and Anderson was not admitted into evidence; only Dolinsky's trade confirmations were introduced. The Government's references to Dolinsky do not necessitate a new trial for Anderson.

Finally, Anderson submits that the evidence weighed so heavily against the verdict that a miscarriage of justice occurred. A court may grant a new trial "if the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred." United States v.

Brown, 956 F.2d 782, 786 (8th Cir. 1992) (quoting United States v. Lanier, 838 F.2d 281, 284-85 (8th Cir. 1988)). As the Court has repeatedly found, the evidence sufficiently supports the jury's verdict. No miscarriage of justice occurred in this case.

**CONCLUSION**

Ample evidence supports the jury's verdict, and the Government caused no impermissible prejudice during the trial. Accordingly, based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant James T. Anderson's Motion for a New Trial (Docket No. 158) is **DENIED**; and

2. Defendant James T. Anderson's Motion for Judgment of Acquittal (Docket No. 160) is **DENIED**.

Dated: July 13, 2006

                                                    s/ Paul A. Magnuson
                                                    Paul A. Magnuson
                                                    United States District Court Judge