UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 05-249(01) (PAM/JJG) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| James T. Anderson, | |
| Defendant. | |

This matter is before the Court on Defendant James T. Anderson's Amended Motion for a New Trial. The Court denies the Amended Motion for lack of jurisdiction.

**BACKGROUND**

On June 7, 2006, a jury convicted Anderson of six counts of securities fraud and five counts of engaging in illegal monetary transactions. Anderson timely moved for a new trial on June 14, 2006. As grounds for the motion, he argued that evidence regarding Zomax's corporate policies was impermissibly prejudicial; that the Government's referral to a voluntarily dismissed co-defendant in its opening statement was improper; and that the evidence weighed against the verdict because there was no evidence Anderson possessed reliable or material insider information. The Court denied the motion on July 13, 2006.

On February 7, 2007, Anderson filed the instant Motion in which he argues that the Court failed to instruct the jury on Anderson's past stock trading pattern as it related to his good faith defense, and he supplies additional evidence of his stock trading. At the evidentiary hearing on February 16, 2007, Anderson orally amended his Amended Motion

to include additional bases for a new trial: that the Government mistakenly told the jury in closing argument that a negative prerelease by Intel had not preceded the decline in Zomax's stock price, and that the jury was tainted by the admission of evidence relating to a charitable remainder annuity trust established by Anderson and his wife.

**DISCUSSION**

Federal Rule of Criminal Procedure 33 permits a court to grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). A defendant must file such a motion within seven days after the verdict, unless the motion is based on newly discovered evidence. Id. 33(b)(2). The time limitation is a jurisdictional prerequisite. United States v. Villalpando, 259 F.3d 934, 937-38 (8th Cir. 2001). Anderson does not submit that the newly discovered evidence exception applies. Rather, he contends that a trilogy of cases from the Eighth Circuit Court of Appeals has eviscerated the time limit of Rule 33(b)(2).

In United States v. Flynn, the defendant timely brought a motion for a new trial on the grounds of insufficient evidence, prosecutorial misconduct, and juror misconduct. 196 F.3d 927, 929 (8th Cir. 1999). Approximately seven months later, he filed a second motion for a new trial on the basis of misconduct by the district court in communicating ex parte with the jury. Id. The Eighth Circuit refused to reach the merits of the judicial misconduct allegation because "additional grounds for relief raised after a timely-filed motion are procedurally barred." Id. at 932 (citation omitted). Even though the timely-raised juror misconduct charge was tangentially related to the judicial misconduct charge, the motions alleged different violations. Id. Thus, the court could not properly consider the second

motion as a "renewal" of the first motion and lacked jurisdiction to reach the merits of the second motion. Id. The Flynn decision supports the Government's position in this case, not Anderson's. Anderson's second motion is not substantively an amendment of the first motion. To the contrary, he is asking the Court to consider separate and distinct bases for the new trial—grounds that were not even suggested in the original motion.

In United States v. Cruz-Padilla, the defendant moved for a mistrial during the trial based on the government's allegedly improper and prejudicial statements during closing argument. 227 F.3d 1064, 1066 (8th Cir. 2000). The district court did not immediately rule on the motion, and the jury returned a verdict of guilty. Id. Two days later, the court held a hearing on the motion at which the defendant raised an additional objection to the government's characterization of him as an "illegal alien" during closing argument. Id. Five months after the hearing, the court denied the defendant's motion for a mistrial without addressing the "illegal alien" argument. Id. Approximately three weeks later, the defendant filed his first written motion for a new trial, based solely on the "illegal alien" ground, and the court granted the motion. Id. at 1067. On appeal to the Eighth Circuit, the defendant argued that the written motion for a new trial merely renewed his oral motion made at the hearing. Id. The Eighth Circuit found that rigid adherence to the rules would serve no meaningful purpose in the particular circumstances before it, because "[t]he unforeseen and wholly inadvertent confluence of events created a 'technical misunderstanding . . . .'" Id. at 1068. Here, on the other hand, Anderson has identified no unforeseen or inadvertent circumstances warranting a departure from the Court's mandate to strictly construe Rule 33's

3

time limit. See id. at 1067. Nor was there any technical misunderstanding on the part of the Court or the parties. Thus, Cruz-Padilla is inapposite to the present case.

Approximately a year after Cruz-Padilla, the Eighth Circuit decided United States v. Villalpando, 259 F.3d 934 (8th Cir. 2001). The court stated unequivocally that "[a]dditional grounds raised in amendments, supplements or renewals of a timely motion for new trial are procedurally barred if not asserted within the seven-day time limit unless the district court grants an extension before the original seven-day period has expired." Id. at 937 (citing Flynn, 196 F.3d at 931-32). The court further cautioned that the seven-day time limit should be strictly applied "especially when the newly articulated claim alleges a very different violation of the defendant's rights than that contained in the original timely motion." Id. at 938 (citing Flynn, 196 F.3d at 931-32). Ultimately, it upheld the trial court's decision to grant a new trial because both the first and second motions raised the claim of ineffective assistance of counsel based on the same alleged errors. Id. The second motion only added another instance of ineffective assistance. Id.

In the present case, Anderson argued in his original, timely-filed motion that the evidence of Zomax's corporate policies was impermissibly prejudicial; that the Government should not have referred to a dismissed co-defendant; and that there was no evidence Anderson possessed reliable or material insider information. Anderson's current grounds for a new trial are, simply, very different claims.

Moreover, imposing the time limit in this case effects a meaningful purpose. More than seven months passed between the first and second motions, with no explanation from

Anderson for the delay. The recently-supplied evidence of Anderson's stock trading practices does not strengthen his position; rather, it illustrates the importance of having finality to the evidentiary portions of trial. In addition, Anderson's right to a fair trial is, and always has been, of paramount importance to this Court. Although Anderson has taken issue with aspects of the trial and the Court's rulings, he received a fair trial, which is what the Constitution guarantees. This is a clear-cut case in which the Court must strictly apply the jurisdictional time limit of Rule 33(b)(2), and therefore, Anderson's Amended Motion for a New Trial is denied.

**CONCLUSION**

The Court lacks jurisdiction to decide Anderson's second motion for a new trial. The grounds underlying the motion are unrelated to the claims set forth in the original motion, and no circumstances warrant a relaxed application of Rule 33. Accordingly, **IT IS HEREBY ORDERED** that Anderson's Amended Motion for a New Trial (Docket No. 189) is **DENIED**.

Dated: February 21, 2007

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge